# In the United States Court of Federal Claims

No. 26-304
Filed: June 8, 2026

|  |  |
|---|---|
| WESLEY SINCLAIR RICKS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |

## ORDER

On February 20, 2026, Wesley Sinclair Ricks—who is currently incarcerated for multiple rape convictions in the Louisiana State Penitentiary at Angola, Louisiana—filed a complaint alleging that his convictions are invalid because "accusations made were not made under oath by a grand jury of Louisiana against th[e] plaintiff." ECF No. 1 at 1.  Mr. Ricks claims violations of the Louisiana Code of Criminal Procedure art. 431 (2025) and seeks injunctive relief under 28 U.S.C. §1361 for the expungement of "five counts of Louisiana Revised Statutes 14:42 first degree rape" charges from his criminal records in both Florida and Louisiana, and for "the defendants to submit all and singular records" relevant to whether the grand jury indictment was made under oath.  ECF No. 1 at 1–2.

Although he did not file a petition for leave to proceed in forma pauperis, Mr. Ricks did assert in his complaint that he wanted appointed counsel and for the "defendants" to pay court fees and costs.  *Id*. at 2.  On March 2, 2026, the court ordered Mr. Ricks to pay the filing fee because his prior litigation made him ineligible to proceed in forma pauperis under 28 U.S.C. § 1915(g).  ECF No. 5.  The court gave Mr. Ricks thirty days to pay the filing fee, or the court would dismiss this case for failure to prosecute.  *Id*.  Mr. Ricks filed an interlocutory appeal of that order to the United States Court of Appeals for the Federal Circuit.  ECF No. 7.  Although denial of a petition to proceed in forma pauperis is appealable as an interlocutory order, e.g., *Gladden v. United States*, No. 2025-1815, 2026 WL 71322, at *2 n.3 (Fed. Cir. Jan. 9, 2026), that appeal does not deprive this court of jurisdiction nor stay proceedings before this court, 28 U.S.C. § 1292(d)(3).  Following the interlocutory appeal, the United States moved to dismiss for lack of subject-matter jurisdiction.  ECF No. 11.  Because this court plainly lacks jurisdiction to hear this case, the court grants the Government's motion to dismiss.

## I.      Jurisdiction and Standard of Review

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).  This court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491.  Under the Tucker Act, this court has subject-matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  But "[t]he Tucker Act itself does not create a substantive cause of action."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  The Tucker Act limits the court's jurisdiction only to money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Navajo Nation*, 556 US 287, 290 (2009) (internal quotation marks and citation omitted).  If there is no money-mandating source of law that supports a plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject-matter jurisdiction.  *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  Complaints filed by pro se plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).  But "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II.     Discussion

This court lacks subject-matter jurisdiction over Mr. Rick's claims.  First, Mr. Ricks lists as defendants the "Office of the Attorney General of District of Columbia[;] Pam Bondi, Attorney General of District of Columbia Department of Justice; Jane Doe, Attorney General of State of Florida; Liz Murril, Attorney General of State of Louisiana et seq."  ECF No. 1 at 1. This court lacks jurisdiction over any of these defendants because "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Second, even if this court had jurisdiction over any of these individuals, the court lacks jurisdiction to order them to do anything.  Mr. Ricks seeks relief under 28 U.S.C. § 1361, which provides *district courts*, not this court, with mandamus jurisdiction.  Because this court is not a district court, § 1361 does not empower this court to issue writs of mandamus. *See*, *e.g.*, *Perfect Form Mfg. LLC v. United States*, 160 Fed. Cl. 149, 157 (2022) (collecting cases).  Similarly, his

2

reliance on 28 U.S.C. § 1331 is misplaced because that statute provides *district courts* with jurisdiction to hear cases arising under federal law.

Third, Mr. Ricks has failed to identify any money-mandating source of law to support this court's jurisdiction.  In response to the Government's motion to dismiss, Mr. Ricks argues that this court has jurisdiction because:

> This court has jurisdiction to entertain plaintiff's written complaint because of defendant's deliberate indifference to plaintiff's safety and protection, defendant's failure to respond to plaintiff's (13) written complaint(s) [sic], defendant's negligence, defendant's supervisory control over attorney generals and district attorneys and defendant's failure to report fraud.
>
> In addition, this court must consider the facts of plaintiff being an African American male who is being oppress [sic] by Government officials who is white male / white female making an use of an (imposter) to cause slavery of plaintiff which is a hate crime.

ECF No. 21 at 3–4.  Mr. Ricks has not identified any source of law making the United States liable for money damages for any of these claims, and the court has not located any source either.  The only thing that comes close to allowing a monetary recovery is the claim of negligence, but that does not apply in this court because this court's jurisdiction is limited to claims "not sounding in tort."  28 U.S.C. § 1491(a)(1).

Fourth, to the extent that Mr. Ricks believes that there is criminal conduct ongoing, this court lacks jurisdiction under the federal criminal code.  *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994).  The same is true of state criminal statutes.  *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").

Fifth, Mr. Ricks complains about a grand jury indictment and his arrest and confinement since 2013.  ECF No. 1 at 1.  This means that, even if the court had jurisdiction over any of his claims, this court still lacks jurisdiction under 28 U.S.C. § 2501, which limits this court's jurisdiction to claims accruing within six years of the filing of the complaint.

Finally, Mr. Ricks' complaint challenges the validity of his conviction on five counts of first-degree rape because of alleged problems with the grand jury proceedings.  ECF No. 1 at 1– 2.  This court, however, lacks jurisdiction to review criminal matters.  *E.g.*, *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the prisoner] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court of Federal Claims] does not have the authority to review such decisions.") (citations omitted).  If Mr. Ricks wishes to challenge his convictions, his recourse (if any) is in the appellate process, not in this court.

Because the court dismisses for lack of subject-matter jurisdiction, the court must consider whether to transfer the case under 28 U.S.C. § 1631, which allows this court to transfer

a case over which it lacks jurisdiction to another court if doing so is "in the interest of justice." The court declines to transfer this case because it would not be in the interest of justice to do so. Mr. Ricks already has a habeas petition pending in the United States District Court for the Middle District of Louisiana that raises the same objections to the grand jury conduct that he raises here. *See Ricks v. Dep't of Justice et al.*, No. 3:25-cv-126-BAJ-RLB (filed Feb. 7, 2025). He also has Section 1983 case pending that raises these arguments as well. *See Ricks v. La. Dep't of Justice et al.*, No. 3:25-cv-807-JWD-SDJ (filed Sept. 8, 2025). The court sees no reason to send another case to a district court that already has two of Mr. Ricks' cases pending that are based on the same allegations and seek the same relief.[1]

### III.  Conclusion

For the foregoing reasons, the court:

1. **GRANTS** the Government's motion to dismiss this case for lack of subject-matter jurisdiction, ECF No. 11, and **DISMISSES** this case; and

2. **DENIES-AS-MOOT** all other pending motions, ECF Nos. 9, 14, 15, 17, and 19; and

3. Directs the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge

---

[1] Because the court clearly lacks jurisdiction over Mr. Ricks's complaint, the court does not delve into whether 28 U.S.C. § 1500 also deprives this court of jurisdiction.